UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-6051 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| 20/20 COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Richmond filed a Nationwide Collective Action Complaint against

Defendant 20/20 Communications, Inc., alleging violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*  Defendant filed a Motion for Transfer of Venue [46] based

on a forum-selection clause in Plaintiff's employment agreement.  For the reasons stated below,

Defendant's Motion [46] is granted.[1]

## BACKGROUND

Plaintiff is a resident of Illinois and was a "Field Sales Manager" employed by

Defendant.  Defendant is a foreign corporation that is primarily engaged in the business of

providing outsourced sales/marketing, merchandising, and training services to corporate clients.

Plaintiff, and other members of the proposed class, was assigned to Defendant's account for

Samsung and was paid a salary.  Plaintiff alleges that he was required to work in excess of forty

hours a week without receiving overtime compensation.  Plaintiff and Defendant entered into an

---

[1] Pursuant to Local Rule 7.1:  "Neither a brief in support of or in opposition to any motion nor objections to a report and recommendation or order of a magistrate judge or special master shall exceed 15 pages without prior approval of the court."  Plaintiff did not seek prior approval of Court for exceeding the page limit in his briefs.  The rule will be enforced as to future filings.

employment agreement titled, "Agreements" (the "Employment Agreement").  The Employment Agreement also incorporates a Mutual Arbitration Agreement by reference.

## LEGAL STANDARD

A forum-selection clause "may be enforced through a motion to transfer under § 1404(a)."  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013).  When a defendant files a motion to transfer pursuant to a mandatory forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."  *Id.* at 575.  The plaintiff bears the burden of establishing that a transfer is unwarranted.  *Id.* at 581.  When evaluating a motion to transfer pursuant to a forum-selection clause:  (1) the plaintiff's choice of forum is given no weight; (2) private-interest factors are given no weight, as the court may only consider public-interest factors; and (3) a § 1404(a) transfer based on a forum-selection clause does not carry with it the original venue's choice-of-law rules.  *Atl. Marine*, 134 S. Ct. at 581-83.

## ANALYSIS

The Employment Agreement contained a mandatory forum-selection clause, which requires this action to be transferred to the United States District Court for the Northern District of Texas.  Plaintiff's Employment Agreement contained the following:

> Any litigation or proceeding that may be brought by either party involving the enforcement of these Agreements or the rights, duties, or obligations of any party to these Agreements shall be brought exclusively in Tarrant County in the state of Texas.  Employee hereby consents to jurisdiction and venue in Tarrant County, Texas as consideration for these Agreements.

(Dkt. 47-1, p. 12.)  Defendant argues the clause should be enforced.  Mandatory forum-selection clauses are valid and enforceable under both Illinois and federal law.  *Muzumdar v.*

2

*Wellness Int'l Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006) (citing *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606 (7th Cir. 2006)).  Forum-selection clauses are valid unless it can be clearly shown "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Id.* at 762 (quoting *The Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

Plaintiff first argues that the forum-selection clause does not apply to his FLSA claims because the forum-selection clause only applies to the Agreements.  This is not persuasive.  The employee contract clearly states that the forum-selection clause covers "[a]ny litigation or proceeding that may be brought by either party involving the enforcement of these Agreements *or the rights, duties or obligations of any party to these Agreements*."  (Dkt. 47-1, p. 12) (emphasis added).  Plaintiff is alleging that Defendant had a duty to pay overtime wages, and it is not disputed that both are parties to the agreement.  Plaintiff's argument that the only pertinent venue provision is the one in the Mutual Arbitration Agreement is similarly misplaced.  If that were the case, then the Mutual Arbitration Agreement also requires Plaintiff to arbitrate instead of filing the present lawsuit.  Further, the Mutual Arbitration Agreement's integration clause states that the Mutual Arbitration Agreement "is the complete agreement between the parties *on the subject of arbitration and supersedes any other understanding on the subject*."  (Dkt. 55-2, ¶ 9) (emphasis added).  The Mutual Arbitration Agreement is not the complete agreement between the parties on the subject of litigation.

Plaintiff then argues that transfer is inappropriate under 42 U.S.C. § 1404(a) and argues that Defendant has not shown that compelling circumstances exist to justify transfer.  However, Defendant seeks transfer pursuant to a forum-selection agreement, which requires Plaintiff to

show that extraordinary circumstances unrelated to the convenience of the parties establish that

transfer is unwarranted.  *See Atl. Marine*, 134 S. Ct. at 575, 581.  Plaintiff contends that transfer

is unwarranted because enforcement of the forum-selection clause would be unjust.  The

Employment Agreement incorporates the Mutual Arbitration Agreement, which states:

> Except as provided below, Employee and Employer, on behalf of their affiliates,
> successors, heirs, and assigns, both agree that *all disputes and claims between*
> *them*, including those relating to Employee's employment with Employer and any
> separation therefrom, and including claims by Employee against Employer's
> subsidiaries, affiliates, directors, employees, or agents, *shall be determined*
> *exclusively by final and binding arbitration* before a single, neutral arbitrator as
> described herein, and that judgment upon the arbitrator's award may be entered in
> any court of competent jurisdiction. Claims subject to arbitration under this
> Agreement include without limitation claims for discrimination, harassment, or
> retaliation; *wages, overtime, benefits, or other compensation*; breach of any
> express or implied contract; violation of public policy; personal injury; and tort
> claims including defamation, fraud, and emotional distress. Except as expressly
> provided herein, Employer and Employee voluntarily waive all rights to trial in
> court before a judge or jury on all claims between them.

(Dkt. 55-2, ¶ 1) (emphasis added).  Plaintiff's arbitration would be held in the Northern District

of Illinois, as the Mutual Arbitration Agreement states that arbitration "will be held in or near the

city in which Employee is or was last employed by Employer." (*Id.* ¶ 4.)  The Mutual

Arbitration Agreement further states that:

> [T]he parties agree that this Agreement prohibits the arbitrator from consolidating
> the claims of others into one proceeding, to the maximum extent permitted by
> law.  This means that *an arbitrator* will hear only individual claims and *does not*
> *have the authority to fashion a proceeding as a class or collective action or to*
> *award relief to a group of employees in one proceeding, to the maximum extent*
> *permitted by law*.  Employee will not be disciplined, discharged, or otherwise
> retaliated against for exercising his or her rights under Section 7 of the National
> Labor Relations Act.  Employer may use this Agreement to defeat any attempt by
> Employee to file or join other employees in a class, collective, or joint action
> lawsuit or arbitration, but Employer shall not retaliate against Employee for any
> such attempt.

(Dkt. 55-2, ¶ 6.)

Plaintiff argues that the class-action waiver is against public policy.  The Seventh Circuit recently held that an arbitration provision that precluded "employees from seeking any class, collective, or representative remedies to wage-and-hour disputes . . . violates Sections 7 and 8 of the [National Labor Relations Act]" and was not saved by the Federal Arbitration Act.  *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1161 (7th Cir. 2016).  However, in the Fifth Circuit, where the case would be transferred under the forum-selection clause, arbitration provisions precluding class actions have been upheld.  *See D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 362 (5th Cir. 2013) (overruling the National Labor Relations Board and holding arbitration agreements containing class waivers are enforceable).

The validity of a forum-selection clause "depends on the law of the jurisdiction whose rules will govern the rest of the dispute."  *IFC Credit Corp.v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008); *see also Exhibit Sys., Inc. v. Pico Art Int'l Pte., Ltd.*, 2015 WL 3930265, at *2 (N.D. Ill. June 25, 2015).  Both the Employment Agreement and the Mutual Arbitration Agreement are governed by the laws of the State of Texas.  (Dkt. 47-1, ¶ 21; Dkt. 55-2, ¶ 2.)   Under Texas law, the Mutual Arbitration Agreement does not violate public policy, and the forum-selection clause is valid.[2]  Further, even if the public policy of the Seventh Circuit were applicable, it may be that the Texas court is unable to compel arbitration for any class plaintiff that did not work in Texas, as discussed more fully below.  Therefore, the public policy of the Seventh Circuit would not be violated by the enforcement of the forum-selection clause.

---

[2] In his sur-reply, Plaintiff "incorporates by reference" all arguments in his Motion to Dismiss for a second-filed action in Texas.  Plaintiff is not allowed to further maneuver around the Local Rules on page limits by incorporating a thirty-page motion to dismiss in a sur-reply footnote.

Plaintiff also argues that this Court is the only court that can hear claims based on the

Mutual Arbitration Agreement pursuant to the Federal Arbitration Act ("FAA"):

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  However, "if an arbitration clause contains a choice of venue provision, only a

court within the same district of that venue can enter an order compelling arbitration."

*Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 997 (7th Cir.

2011); *see also Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 330 (5th Cir. 1987)

(holding that district court may compel arbitration only when the arbitration would be held in the

district in which the court sits and when the arbitration is held in accordance with the agreement

of the parties).  As discussed above, the arbitration venue for Plaintiff's claims would be

Chicago, as agreed to in the Mutual Arbitration Agreement.  Therefore, arguably, the Texas court

would be unable to compel arbitration for Plaintiff and any other class members that would not

arbitrate in the Northern District of Texas.  However, the Motion presently before the Court

raises only the issue of the enforceability of the parties' agreement that any litigation or

proceeding shall be brought in Tarrant County, Texas.  The issues of future arbitration and its

scope are not properly considered now.[3]

---

[3] Prospective arbitration and collective arbitration potentially raise complex legal and factual issues; as Defendant points out, forty-four individuals have opted-in to this litigation from around the country.  But only Plaintiff claims to have worked for Defendant in the Seventh Circuit, and nine of the individuals worked in Texas.  Thus, even if the Seventh Circuit has a public-policy interest in enforcing its interpretation of federal law, that view should not necessarily override the view of those circuits where other plaintiffs reside.

Finally, Plaintiff argues that a Texas court would not have personal jurisdiction over him. A valid forum-selection clause alone can confer personal jurisdiction. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005); *see also Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) ("A forum-selection clause demonstrates a party's consent to jurisdiction in a specific forum, and courts, absent a showing of fraud or overreaching in creating the clause, enforce such consent."). Plaintiff does not argue that there was fraud or overreach in creating the forum-selection clause.

Under Texas law, the forum-selection clause is valid, as is the collective-action waiver in the Mutual Arbitration Agreement. Further, under the FAA, a Texas court may not be able to compel arbitration for any class member that would not arbitrate in the Northern District of Texas under the Mutual Arbitration Agreement.

## **CONCLUSION**

For the reasons discussed above, Defendant's Motion for Transfer of Venue [46] is granted. This case shall be transferred to the United States District Court for the Northern District of Texas.

Date: _____October 24, 2016_____      /s/ _____

                                             JOHN W. DARRAH
                                             United States District Court Judge

7